Filed 12/31/25  P. v. Jackson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN NATHANIEL JACKSON,<br><br>Defendant and Appellant. | C103026<br><br>(Super. Ct. Nos.<br>PR2024-00066,<br>CR2024-3135) |

In August 2024, law enforcement officers contacted defendant Justin Nathaniel Jackson related to a credit card fraud investigation.  Defendant was on parole, allowing law enforcement officers to search defendant's phone.  The search revealed matter depicting a person under the age of 18 engaging in sexual conduct.

In case No. CR2024-3135 (3135), defendant was charged with two counts of possession of obscene matter depicting sexual conduct of a person under the age of 18 years (possession of obscene matter counts) and using the personal identifying information of another to obtain credit, goods, or services in other's name.  It was further

1

alleged defendant had seven prior strike convictions and several circumstances in aggravation. The prosecution also filed a petition to revoke parole in case No. PR2024-00066 (066).

Defendant resolved both matters in a plea agreement. In case No. 3135, defendant pled no contest to one of the possession of obscene matter counts and admitted one prior strike conviction. In exchange, the trial court sentenced defendant to a total of six years (three years doubled due to the prior strike conviction) and dismissed the remaining allegations. In case No. 066, the court dismissed the parole violation and terminated parole.

The trial court imposed a $300 restitution fine, a parole revocation restitution fine of $300 that was suspended, a $40 court operations assessment, and a $30 court facilities assessment. The trial court awarded defendant 108 actual days of custody credits, plus 108 days of conduct credit.

Defendant appeals but did not obtain a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

DISPOSITION

The judgment is affirmed.

/s/\
ROBIE, J.

We concur:

/s/\
EARL, P. J.

/s/\
MESIWALA, J.